Christopher R. Lynn
ATTORNEY AT LAW
24-15 Queens Plaza North #5D
Long Island City, New York 11101
718-392-2117
Chrisrlynn@AOL.COM

January 24, 2022

> I do not read this letter as requesting any particular relief. Accordingly, the Clerk of Court is respectfully directed to terminate the open motion at docket number 22. Furthermore, the parties are reminded that my recent Order of Notice and Initial Conference called for a "joint letter," not a letter from any individual party. (Doc. 21.) My expectation is that the parties will meet and confer and agree on the contents of one joint letter to be filed along with a proposed case management. (See id.)
>
> SO ORDERED: 01/27/2022
>
> *Vernon Broderick*
> HON. VERNON S. BRODERICK
> UNITED STATES DISTRICT JUDGE

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square Room 415
New York, New York 10007

Re: Santander Consumer USA INC., v. City of New York et al
Case No.: 21-CV-8529 (VSB)

Dear Hon., USDC Judge Broderick:

The undersigned represents the defendants Universe Towing and Anthony Acquilino in this matter. This letter is in response to your Order dated January 20, 2022.

1. **A brief description of the nature of the action and principal defenses thereto**:

The Plaintiff alleges several causes of action against my two clients, which include a violation of several of its Constitutional rights; conversion; GBL 349 deceptive business practices and seeks to hold Anthony Acquilino the owner of defendant Universe, personally liable for these torts. **The principal defenses** raised by Defendants includes the following. **Defendant Acquilino cannot be held personally liable as a corporate owner, shareholder or officer when acting within his corporate capacity for the Defendant Universe Towing**. Plaintiff alleges no facts which would support imposing individual liability and doing so is contrary to the laws of the State of New York. See: American Medical and Life Insur. Co. v. Crossummitt Enterprises Inc. 910 NYS2d 403. And Joan Hansen & Co., v. Everlast World's Boxing 296 A.D. 2d 103 To support a claim against defendant for conversion the **Plaintiffs must demonstrate they have a valid possessory interest and that Defendants deprived them of that property and damaged that property**. See: Colavito v. New York Organ Donor Network 8 NY3d 43 (2006) Plaintiff claims that Defendants converted this property by posting a notice of lien and sale, selling this car and that Defendants further suffered damages for lost value loss of use and depreciation all due to Defendant's conduct. This vehicle which is a 2019 Sportage VIN# KNDPMCAC7K613482 on October 20, 2020 was abandoned on a public highway in the Bronx, New York City after being involved in a serious collusion. The NYPD noted that it was a "hit and run" with the ignition keys left in the auto. The car

was destroyed and suffered extensive damage to the body panels and all the airbags were deployed, indicating structural damage.  Universe Towing received the order from the NYPD to remove it and store it.   The authority to remove this stems from The New York City Charter which allocated this power to the NYPD, and which authorizes publicly bid sealed contracts to perform this work.  It is licensed by New York City Consumer Affairs and administrated by the NYPD.  This vehicle was abandoned by its registered owner and left for over 13 months, at the place of the defendant's place of business. It was never sold by the defendants. **Defendants never refused to honor an order of repossession, and when one was presented on November 9, 2021, the vehicle was removed by Plaintiff's agents**. Defendants are in possession of both that receipt (which I provided to the City of New York and Plaintiffs.), as well as an expert's affidavit, that this vehicle is basically worthless. Accordingly, Plaintiff cannot establish a claim of conversion by anyone. The third and final claim against my clients is that they violated the New York State General Business Law section 349.  Despite their own expertise in this area, Plaintiffs cannot legally assert such a claim against my clients for two reasons.  First their interest in **that vehicle is solely derivative not direct as they simply financed the purchase of the vehicle. Secondly, they cannot establish any standing demonstrating that they are a "Consumer" as defined by New York State Law.  See:  <u>City of New York v. Smokes-Spirits.Com</u> 12 N.Y. 3d 616 (2009**) The section 1983 claims against the defendants Acquilino personally and his company Universe Towing, require a threshold showing by the Plaintiff that my clients "meaningfully interfered with Plaintiffs possessory interests in this specific vehicle."  See:  **<u>Brown v. City of Phila.</u>** No. 10-cv-2687 WL 1758172   It is respectfully submitted that Plaintiff has not and cannot demonstrate this.

2. **Jurisdictional and Venue**.

The **venue** of the SDNY is the correct venue for the Defendant Universe Towing as their place of business in in the Bronx, New York.  The defendant Anthony Acquilino resides within the State of New York but not New York City.  **Jurisdiction** however rests upon the slender reed, that Plaintiffs various Federal Constitutional rights have been abridged.  There is no valid reason why this matter could not be fully adjudicated in the New York State Supreme Court, and the specific facts herein which include an abandoned, unclaimed wreaked, hit and run, vehicle which has returned to the Plaintiff when they requested it. We submit that this action is a pretext, by a losing bidder for the City contracts to tow vehicles, to punish both the winning bidder, my client by suing him personally and to prejudice the City, against renewals of his towing licenses.

3. A brief description of all contemplated and or outstanding motions.

   There are currently no outstanding motions. The defendants Acquilino and Universe Towing believe that after brief discovery and their Rule 26 filling, that they will move to dismiss all claims against defendant Acquilino personally, as well as the claims for the torts of conversion and violation of the NY State GBL section 349 for the reasons stated in number 1. We also believe that this Court should dismiss all claims pursuant to section 1983 as Plaintiff cannot demonstrate that Plaintiffs meaningfully interfered with Santander's "possessory interest" in this "unclaimed vehicle" (as defined by the New York State DMV) or that their possessory interest was not simply derivative as opposed to direct

4. A brief description of discovery that has already taken place and or that which will be necessary for the parties to engage in meaningful settlement.

   No discovery has been undertaken. Defendants Acquilino and Universe have prepared a demand for production of documents. A brief deposition or interrogatories may also be needed.

5. A brief discussion of prior settlement discussions.

   None. My clients are not going to offer any settlement in this matter.

6. Estimated length of trail

   Less than a week.

7. Any other information that the parties believe may assist the Court in advancing settlement

   None.

8. Should this action be consolidated with docket 21-cv-3908-VSB

   My clients agree with whatever position our codefendants take on this matter, including all matters sets forth on the Case Management Plan. .

DATED:  January 24, 2022
        New York, New York

                                           Respectfully submitted,

                                           *Christopher R. Lynn*

                                           Christopher Lynn (CL-6081)